# IN THE MATTER OF THE APPLICATION FOR APPOINTMENT OF A GUARDIAN FOR MARIA CONCEICAO PIRES.

## No. 1602.

### APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

SUBMITTED MAY 18, 1925.                    DECIDED JUNE 9, 1925.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

GUARDIAN AND WARD—*insane person.*

It is not necessary to the jurisdiction of the circuit court to appoint a guardian of an insane person that he be violent or dangerous to the safety of the community.

SAME—*same.*

R. L. 1925, s. 3072, and not R. L. 1925, c. 91, applies to proceedings for the appointment of a guardian for an insane person.

*OPINION OF THE COURT BY PETERS, C. J.*

This is an appeal from a decree of the circuit court of the second circuit adjudging Maria Conceicao Pires to be an insane person and appointing her son, Frank M. Pires, guardian of her person and estate. Appellant assigns as error (1) that the evidence was insufficient to support a finding that the respondent was a menace to the community and hence she was not an insane person within the meaning of R. L. 1925, s. 3071, and (2) that the respondent had not been legally declared insane for the reason that the hearing had not been had in accordance with the provisions of R. L. 1925, c. 91.

1. Without going into details it is clear from the evidence adduced before the trial judge that the respondent is an insane person within the meaning of R. L. 1925, s. 3071. She appears to suffer with more or less frequency

from periodical mental distractions of extended duration which render her for the time being incapable of caring for her person or her property. It is not necessary to the jurisdiction of the circuit court to appoint a guardian of an insane person that he be violent or dangerous to the safety of the community. It is sufficient that it appears that mental unsoundness exists to a degree as to render it necessary that a guardian be appointed for the protection of the person or estate of the alleged insane person.

2. Nor is it necessary to the appointment of a guardian of an alleged insane person that proceedings be had under the provisions of R. L. 1925, c. 91. The provisions of that chapter apply to the restraint and detention of alleged insane persons whose liberty may be unsafe or dangerous to the community. Its provisions have no application to proceedings for the appointment of a guardian for an insane person. R. L. 1925, ss. 2248 and 3064, confer jurisdiction upon the circuit judges at chambers to appoint guardians of alleged insane persons and R. L. 1925, s. 3072, prescribes the procedure to be followed. The procedure so provided is exclusive.

The proceedings in the instant case conformed to the requirements of the statute. The decree appealed from is therefore affirmed.

*E. R. Bevins* for petitioner.

*A. E. Jenkins* for objector.